EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Partido Nuevo Progresista, Representado por su Secretario General, Rafael "June" Rivera<br><br>Recurridos<br><br>v.<br><br>Comité Local PNP Gurabo, por Conducto de Vimarie Peña Dávila, Rafael Rodríguez Rivera, Rachely Rivera Santana y Víctor Rosa Pérez; Legislatura Municipal, por conducto de su presidenta, la Hon. María E. Rodríguez Ortiz<br><br>Peticionarios | Certiorari<br><br>2017 TSPR 51<br><br>197 DPR ____ |

Número del Caso: CC-2017-0109

Fecha: 7 de abril de 2017

Tribunal de Apelaciones:

      Región Judicial de San Juan-Caguas

Abogado de la Parte Peticionaria:

      Lcdo. Javier Aponte Reyes

Abogados de la Parte Recurridas:

      Lcdo. Rómulo Suero Ponce
      Lcdo. Luis Dávila Alemán
      Lcdo. Oscar Santamaría Torres

Materia: Resolución del Tribunal con Voto particular de conformidad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
Sala I

| | | |
|---|---|---|
| Partido Nuevo Progresista, Representado por su Secretario General, Rafael "June" Rivera<br><br>Recurridos<br><br>v.<br><br>Comité Local PNP Gurabo, por Conducto de Vimarie Peña Dávila, Rafael Rodríguez Rivera, Rachely Rivera Santana y Víctor Rosa Pérez; Legislatura Municipal, por Conducto de su presidenta, la Hon. María E. Rodríguez Ortiz<br><br>Peticionarios | CC-2017-0109 | Certiorari |

Sala de Despacho integrada por la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón

RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de abril de 2017.

Atendida la petición de *Certiorari* presentada por la parte peticionaria, se provee no ha lugar.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emite Voto particular de conformidad.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Partido Nuevo Progresista, representado por su Secretario General, Rafael "June" Rivera   Recurridos   v.   Comité Local PNP Gurabo, por conducto de Vimarie Peña Dávila, Rafael Rodríguez Rivera, Rachely Rivera Santana y Víctor Rosa Pérez; Legislatura Municipal, por conducto de su Presidenta, la Hon. María E. Rodríguez Ortiz   Peticionarios | CC-2017-0109 | *Certiorari* |

Voto particular de conformidad emitido por la Jueza Presidenta Oronoz Rodríguez

En San Juan, Puerto Rico, a 7 de abril de 2017.

Estoy conforme con denegar el recurso ante nuestra consideración, pues a mi juicio el foro apelativo intermedio interpretó correctamente las disposiciones legales en cuestión. La enmienda al Artículo 9.006(4) de la Ley Electoral (la cual dispuso que la vacante al puesto de alcalde surgida por "renuncia, muerte, destitución, incapacidad total y permanente o por **cualquier otra causa**" será cubierta mediante elección especial), 16 LPRA sec. 4146 (énfasis suplido), es altamente incompatible con el Artículo 3.003 de la Ley de Municipios Autónomos (que señala que la vacante surgida cuando un alcalde no haya juramentado será cubierta por

nombramiento del comité local del partido al que pertenezca el alcalde que no juramentó), 21 LPRA sec. 4103. En escenarios como estos, en los que distintas disposiciones aplicables a un mismo asunto resultan dudosas, debemos interpretarlas de forma conjunta y armónica. Departamento Hacienda v. Telefónica, 164 DPR 195, 204-05 (2005).

Desde esa perspectiva, no me persuade la sugerencia de los peticionarios de que en esta coyuntura debía predominar la Ley de Municipios Autónomos, tanto por su carácter especial como porque, desde sus orígenes, dicha ley reguló en disposiciones separadas las causales mediante las cuales puede surgir una vacante al puesto de alcalde. En primer lugar, es menester destacar que la Ley Electoral goza también de su propia especialidad, en tanto existe para regular en detalle todo el andamiaje electoral de nuestra democracia. P.S.P. et al. v. Romero Barceló, 110 DPR 248, 262 (1980). Por esa razón, está revestida de una dimensión constitucional puesto que regula la voluntad del pueblo expresada mediante el sufragio electoral. McClintock v. Rivera Schatz, 171 DPR 584, 597-98 (2007). Resulta un argumento un tanto conveniente que, para efectos de esta controversia de índole electoral, se pretenda recurrir a los preceptos de la Ley de Municipios Autónomos en abstracción de aquellos específicamente incluidos en la Ley Electoral y que, a

partir de 2014, también versan sobre las vacantes a puestos municipales.

En segundo lugar, la estructura legislativa mediante la cual la Ley de Municipios Autónomos regula en disposiciones separadas las distintas causales de vacantes al puesto de alcalde solo sería determinante si de ésta se desprendiera que el legislador contempló, no solo causales de vacantes distintas, sino métodos distintos para cubrirlas. Sin embargo, no fue así, pues a pesar de regular en artículos separados las diversas causales, el método contemplado en la Ley de Municipios Autónomos para cubrirlas era uniforme, independientemente del tipo de causal que fuera. Es decir, previo a las enmiendas de 2014 a la Ley Electoral y a la Ley de Municipios Autónomos, el método para llenar las vacantes al puesto de alcalde consistía en un nombramiento por parte del comité local del partido al que perteneciera el alcalde cuya vacante se pretendía cubrir.[1] Es sensato

---

[1] Al examinar con detenimiento los artículos de la Ley de Municipios Autónomos, previo a las enmiendas de 2014, resulta que el método para llenar las vacantes al puesto de alcalde era uniforme, ya fuera porque el alcalde *no tomara posesión* (Artículo 3.003), *renunciara* a su puesto (3.004) o *falleciera, fuera destituido, se incapacitara o por alguna otra causa surgiera una vacante permanente* (3.005). En todos estos escenarios la vacante a la alcaldía se cubría mediante un nombramiento del comité local del partido que hubiese elegido al alcalde cuya vacante se pretendía cubrir. Sin embargo, a través de la Ley Núm. 239 del 22 de diciembre de 2014, la Asamblea Legislativa enmienda el Artículo 9.006(4) de la Ley Electoral para disponer que las vacantes por renuncia, muerte, destitución, incapacidad total y permanente o **por cualquier otra causa** se cubrirán mediante **elección especial**, salvo que esa vacante ocurra en año electoral, en cuyo caso se cubriría mediante nombramiento del comité local del partido. 16 LPRA sec. 4146(4). Mediante esta ley, la Asamblea Legislativa enmienda además el Artículo 3.004 de la Ley de Municipios Autónomos para disponer también que la vacante surgida por motivo de *renuncia*

concluir que, al variar el método para cubrir tales vacantes en el 2014, el legislador quiso mantener esa uniformidad y, más importante aún, promover un procedimiento más democrático y participativo para atender circunstancias como la ocurrida en el Municipio de Gurabo.[2]

Maite D. Oronoz Rodríguez
Jueza Presidenta

---

se cubrirá mediante **elección especial**, exceptuando a su vez aquellos casos en los que la vacante surgiera en un año electoral, cuando se cubriría mediante nombramiento del comité local del partido. Al enmendarse el Artículo 3.004 de la Ley de Municipios Autónomos, quedó enmendado implícitamente el Artículo 3.005, pues éste dispone que las vacantes surgidas por las causales allí contenidas "será[n] cubierta[s] en la forma dispuesta en [el Artículo 3.004]", 21 LPRA sec. 4105. Así las cosas, permaneció inalterado el Artículo 3.003 de la Ley de Municipios Autónomos, que dispone que la vacante surgida cuando un *alcalde electo no tome posesión* ha de cubrirse mediante nombramiento del comité local del partido que eligió al alcalde. De ahí surgió la controversia de este caso, pues parecieron haberse diferenciado los métodos contemplados para cubrir las vacantes surgidas en una alcaldía. A mi juicio, una lectura integral de todas estas disposiciones lleva a la conclusión de que, bajo la normativa establecida a partir de 2014, el único escenario en el cual el comité local de un partido político tendría la facultad de cubrir una vacante a una alcaldía, sin convocar a una elección especial, es cuando esa vacante ocurre dentro de un año electoral. 16 LPRA sec. 4146(4); 21 LPRA secs. 4104-4105. Esto se justifica a los efectos de evitar una elección especial previa a una elección ordinaria en un mismo año, escenario que no tenemos ante nuestra consideración. La incongruencia entre el método de elección especial dispuesto en los artículos 9.006(4) de la Ley Electoral, 3.004 y 3.005 de la Ley de Municipios Autónomos, *vis à vis* el método relegado en el Artículo 3.003, bajo el cual el comité local del partido realiza de primera instancia un nombramiento para llenar la vacante cuando un alcalde no ha juramentado al cargo, torna forzosa la preeminencia del primero por constituir el método que más plausiblemente contempló el legislador para cualquier vacante a la alcaldía fuera de un año electoral.

[2] La vacante que existía en la Alcaldía de Gurabo se cubrió recientemente mediante el procedimiento dispuesto en la Ley Electoral.